IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

United States of America

      Plaintiff,

v.                                                                                          Civil No.

One 2004 Chevrolet Avalanche 1500,
VIN 3GNEC12T74G164820, with
All Appurtenances and Attachments
Thereon,

      Defendant.

## **VERIFIED COMPLAINT OF FORFEITURE**

COMES NOW the Plaintiff, United States of America, by and through Edward L. Stanton, III, United States Attorney, and Christopher E. Cotten, Assistant United States Attorney for the Western District of Tennessee, and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## **NATURE OF THE ACTION**

1. This is a civil action *in rem* to forfeit property to the United States pursuant to the following provisions of law:

    a. 21 U.S.C. §881(a)(4), which provides for the forfeiture of any conveyance which is used, or intended to be used, to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§801 *et seq.*;

    b. 21 U.S.C. §881(a)(6), which provides for the forfeiture of property which constitutes proceeds traceable to the exchange of a controlled substance in violation of Title II of

the Controlled Substances Act, 21 U.S.C. §§801 *et seq*.

## THE DEFENDANT IN REM

2. The defendant property consists of the following property that was seized from Tarvis Ballard on January 25, 2012 in Ripley, Tennessee; and is presently in the custody of Drug Enforcement Administration at Memphis, Tennessee:

> *One 2004 Chevrolet Avalanche 1500, VIN 3GNEC12T74G164820, with All Appurtenances and Attachments Thereon*

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. §1345, and over an action for forfeiture under 28 U.S.C. §1355(a).

4. This Court has *in rem* jurisdiction over the defendant property:

   a. pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district;

   b. pursuant to 28 U.S.C. §1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district and the defendant is found in this district.

5. Venue is proper in this district:

   a. pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district;

   b. pursuant to 28 U.S.C. § 1395, because the action accrued in this district; the defendant is found in this district; the property is located in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture:

   a. pursuant to 21 U.S.C. §881(a)(4) because it constitutes property used and/or intended to be used in the transportation, sale, receipt, possession, or concealment of a controlled

substance a violation of the Controlled Substances Act; and,

    b.  pursuant to 21 U.S.C. §881(a)(6),because it constitutes proceeds traceable to the exchange of a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§801 *et seq*.

## FACTS

  7.  The facts supporting the forfeiture of the defendant property are set forth in Exhibit A hereto, which is wholly incorporated herein by reference.

## CLAIM FOR RELIEF

  WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

            Respectfully submitted,

            EDWARD L. STANTON, III
            United States Attorney


        By:  /s Christopher E. Cotten
            CHRISTOPHER E. COTTEN
            Assistant United States Attorney
            800 Federal Bldg., 167 N. Main
            Memphis, Tennessee 38103
            (901) 544-4231
            No. 014277 (Tennessee)